IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EASTGROUP PROPERTIES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-2958 |
| | § | |
| HONG KILDONG, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the Court is the EastGroup Properties, L.P.'s Emergency Motion to Remand (Document No. 3). Having considered the motion, submissions, oral argument, and applicable law, the Court determines that the motion should be granted.

BACKGROUND

The instant action arises from two lawsuits originally filed in Texas state courts. Both suits stem from a lease agreement between EastGroup Properties, L.P. ("EastGroup") and Hong Kildong, Inc. ("Hong") wherein Hong leased certain warehouse space from EastGroup. In the first action, Hong filed a writ of re-entry on June 22, 2005, in the Justice of the Peace Court, Precinct 5, of Harris County, Texas after being locked out of the leased premises by EastGroup for allegedly failing to pay rent ("writ of re-entry claim"). After the justice of the peace court ruled in

Hong's fee at EastGroup, appealed to Harris County Civil Court at Law Number Four (4), Judge Roberta Lloyd, presiding.

The second action was filed by EastGroup in the Justice of the Peace Court, Precinct 5, of Harris County, Texas on or about July 6, 2005. In the second action, EastGroup sought to evict Hong from the leased premises ("eviction claim"). According to Hong, "the parties agreed to a judgment [in the justice of the peace court] so that the matter could be appealed to County Court." Thereafter, the eviction claim was appealed to Harris County Civil Court at Law Number One (1).

Both the writ of re-entry claim and the eviction claim were to be tried together in Harris County Civil Court Number 4 on September 6, 2005. On August 16, 2005, upon EastGroup's motion, the county civil court designated EastGroup as Plaintiff and Hong as Defendant. Thereafter, on August 22, 2005, Hong filed two separate notices of removal, one for the writ of re-entry claim and another for the eviction claim, with the United States District Court for the Southern District of Texas based on diversity of citizenship.[1] These two separate cases were consolidated into the instant case.[2] On August 25, 2005, EastGroup filed a motion to remand alleging

## LAW AND ANALYSIS

Hong asserts it properly and timely removed both claims from state to federal court based on diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1332, 1441(b). EastGroup counters that, *inter alia,* Hong waived its right to remove its claims by seeking affirmative relief in Texas state courts. Moreover, EastGroup contends Hong cannot remove to this Court on grounds of diversity under 28 U.S.C. § 1441 because Hong is a citizen of the state of Texas. The Court agrees with both of EastGroup's contentions.

The United States Court of Appeals for the Fifth Circuit has consistently recognized that a party waives its right to remove a case by affirmatively seeking resolution in state court. *See Johnson v. Heublein, Inc.,* 227 F.3d 236, 244 (5th Cir. 2000). Indeed, "[e]ven a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking processes of that court." *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986). However, a defendant does not waive its right to remove by merely seeking to preserve the status quo. *Tex. First Nat. Bank v. Wu,* 347 F. Supp. 2d 389, 397 (S.D.

sought resolution of both its claims in state, rather than federal, court. Indeed, it was Hong that filed the initial writ of re-entry claim in the justice of the peace court. Thus, regardless of whether the county civil court at law judge designated Hong as defendant in the action, it is clear that Hong affirmatively pursued litigation in a state forum and intended the matter be resolved by the state courts. *See id.*

The same reasoning applies to Hong's eviction claim. Although Hong was the Defendant in the underlying eviction claim, it made no objection to the state court's exercise of jurisdiction. Again, in its filings in this Court Hong makes clear that it agreed to entry of judgment in favor of EastGroup so that the matter could be appealed to the county civil court at law. By consenting to allow the state court to enter judgment, Hong waived its right to remove the eviction claim to federal court. *Brown,* 792 F.2d at 481; *Tex. First Nat. Bank,* 347 F. Supp. 2d at 397.

Even if Hong had not affirmatively sought relief in state court, it would nevertheless be barred from removing the instant claims. Title 28 U.S.C. § 1441, the statute under which Hong purports to remove its claims, dictates that a defendant may not remove a case from state to federal court if the defendant is a resident of the

acknowledged, both parties pleadings and the record in this case, alleges no federal causes of action. Further, Hong is admittedly a citizen of Texas. Accordingly, removal to federal court was improper under § 1441. Given the foregoing, the Court hereby

ORDERS that EastGroup Properties, L.P.'s Emergency Motion to Remand (Document No. 3) is GRANTED. This case shall be REMANDED to Harris County Civil Court at Law Number Four (4).

SIGNED at Houston, Texas, on this __29__ day of August, 2005.

*David Hittner*

DAVID HITTNER
United States District Judge